IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO MEDINA,  :  | |
|     **Plaintiff**  :  | |
| :  | No. 1:20-cv-00866 |
| v.  :  | |
| :  | (Judge Kane) |
| C.O. SNOWBERGER,  :  | |
|     **Defendant**  :  | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 arising out of an incident in which Plaintiff Mario Medina ("Medina") was pepper sprayed in his cell in the State Correctional Institution-Benner Township ("SCI-Benner Township"). Following the Court's resolution of Defendants' motion for summary judgment, the case proceeded solely as to Medina's excessive force claim against Defendant Snowberger ("Snowberger"). Counsel for Snowberger subsequently withdrew from representing him. Since counsel's withdrawal, Snowberger has neglected to litigate this case in any way and has failed to appear for several phone conferences with the Court. In light of Snowberger's lack of activity, Medina has moved for default judgment against Snowberger. For the following reasons, the Court will grant the motion for default judgment and refer this case to a United States Magistrate Judge for the purpose of conducting an evidentiary hearing on damages.

**I.     BACKGROUND**

On May 29, 2020, Medina initiated this case through the filing of a complaint. (Doc. No. 1.) Defendants answered the complaint on September 9, 2020. (Doc. No. 14.) Medina subsequently moved for leave to amend, and the Court granted the motion on January 26, 2021. (Doc. Nos. 17–18.) Medina's amended complaint was docketed later that day, naming as defendants Snowberger and three other SCI-Benner Township employees: Hammer, Shilling,

and a John Doe Defendant. (Doc. No. 19.) In the amended complaint, Medina alleged generally that Snowberger used excessive force when he pepper sprayed Medina on June 13, 2018, that the other defendants failed to protect Medina from the excessive force and failed to promptly provide him medical attention, and that the defendants retaliated against Medina for filing grievances relating to the incident. (Id.) Medina also alleged that he was denied parole in retaliation for filing grievances. (Id.) Defendants answered the amended complaint on February 3, 2021. (Doc. No. 20.)

On June 23, 2021, following the close of fact discovery, Defendants filed a motion for summary judgment, seeking summary judgment as to all claims other than Medina's excessive force claim against Snowberger. (Doc. No. 29.) Defendants did not seek summary judgment as to the excessive force claim because they acknowledged that there was a genuine issue of material fact as to whether Snowberger intentionally discharged the pepper spray. (Doc. No. 31 at 2 n.1.) The Court granted the motion for summary judgment on January 24, 2022, finding that all Defendants other than Snowberger were entitled to summary judgment because Medina failed to exhaust administrative remedies with respect to the claims against them. (Doc. Nos. 40–41.) The Court referred the case to mediation, which proved unsuccessful. (Doc. Nos. 41–42.)

Following the close of mediation, the Court granted Medina's motion to appoint counsel, and Attorney Harry T. Coleman entered an appearance on Plaintiff's behalf on July 17, 2022. (Doc. Nos. 43, 46.) Attorney Mary Katharine Yarish contemporaneously moved for leave to withdraw as counsel for Snowberger. (Doc. No. 44.) Attorney Yarish noted that she had made "numerous attempts" to contact Snowberger to aid in the defense of the case, including via mail, email, and telephone, but that Snowberger had not responded. (Id. at 2.) Attorney Yarish accordingly moved to withdraw from representing Snowberger due to Snowberger's "failure to

cooperate with the litigation." (Id. at 3.) The Court granted Attorney Yarish's motion to withdraw on July 14, 2022. (Doc. No. 45.)

On July 29, 2022, the Court issued an Order requiring Snowberger to inform the Court whether he intended to retain counsel or proceed pro se. (Doc. No. 47.) Snowberger did not respond to the Court, which the Court deemed an election to proceed pro se. See (id.).

On November 9, 2022, the Court conducted a telephonic status conference with the parties. (Doc. Nos. 53–54.) Snowberger did not appear for the conference, but Attorney Yarish appeared on behalf of the dismissed Defendants as a courtesy to the opposing party and the Court. The parties discussed difficulties Attorney Coleman was having in reaching Medina since Medina had been moved to a new prison. Attorney Yarish stated that she would coordinate with the Pennsylvania Department of Corrections for Medina and Attorney Coleman to speak. Attorney Coleman stated that once he had spoken with Medina he would reach out to Snowberger in an attempt to arrange settlement negotiations between Medina and Snowberger. The Court scheduled a follow-up conference for December 15, 2022, which the Court subsequently rescheduled for January 5, 2023. (Doc. Nos. 55–56.)

The Court conducted a follow-up conference as scheduled on January 5, 2023. (Doc. No 57.) Snowberger again failed to appear. During the conference, Attorney Coleman stated his belief that settlement could be achieved and requested that Attorney Yarish continue to work on the case as an intermediary to facilitate settlement discussions between Medina and Snowberger. Attorney Yarish agreed to do so, subject to the understanding that because her clients had been dismissed from the case they would not be liable for any portion of a settlement with Medina. The Court scheduled an additional telephonic conference for March 2, 2023. (Doc. No. 58.)

Snowberger again failed to appear for the March 2, 2023 conference. (Doc. No. 59.) During this conference, Attorney Coleman stated that he wished to proceed with a motion for default judgment against Snowberger on Medina's behalf. The Court issued an Order on March 14, 2023, allowing Medina to file a motion for default judgment within thirty (30) days. (Doc. No. 60.) After obtaining an extension of time, Medina timely moved for default judgment against Snowberger on April 25, 2023. (Doc. Nos. 65–66.) Medina additionally moved for the Court to schedule a non-jury hearing on the issue of damages. (Doc. No. 67.)

On October 23, 2023, the Court directed the Clerk of Court to enter default against Snowberger in light of his continued failure to participate in the litigation. (Doc. No. 70.) Recognizing, however, that entry of default was a prerequisite for default judgment to be entered, the Court deferred ruling on Medina's motion for default judgment and directed Snowberger to respond to the motion for default judgment within fourteen days, or no later than November 6, 2023. (Id.) Snowberger did not respond to the Court's order by that date, nor did he move for an extension of time to do so. Medina's motion for default judgment against Snowberger is accordingly ripe for judicial review.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 55 allows district courts to enter default judgment against a defendant who has defaulted by failing "to plead or otherwise defend" the case. See Fed. R. Civ. P. 55. "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).

"A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016).  Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (4th ed. Apr. 2023 update); see also Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (citations omitted)).  In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof."  See E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

After a default judgment has been entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  See PPG Indus. Inc. v. Jiangsu Tie Mao Glass Co. Ltd., 47 F.4th 156, 161 (3d Cir. 2022) (quoting Comdyne, 908 F.2d at 1149).  Damages must be determined by the district court if they are not for "a sum certain or a sum that can be made certain by computation."  See id. (quoting Fed. R. Civ. P. 55(b)).  The Court may conduct a hearing on damages if necessary.  See Fed. R. Civ. P. 55(b)(2); Comdyne, 908 F.2d at 1149.

### III.     DISCUSSION

Having reviewed the motion for default judgment pursuant to the three-factor standard articulated in Chamberlain, 210 F.3d at 164, the Court will grant Medina's motion for default judgment against Snowberger. First, and most notably, Medina will suffer significant prejudice if default judgment is denied. This case has been in litigation for over three years, and Medina has successfully litigated his excessive force claim against Snowberger past the summary judgment stage. The only factor preventing this case from proceeding to a trial on the merits is Snowberger's complete lack of activity since his counsel withdrew from representing him in July 2022. Thus, Snowberger's inactivity makes it impossible for Medina to try his claims on their merits and eliminates any possibility for Medina to obtain a verdict on the merits from Snowberger. Default judgment appears to be the only remedy that can cure this prejudice.

Second, and weighing against default judgment, it appears from the record of this case that Snowberger does have a litigable defense to Medina's claims. The question of whether Snowberger used excessive force against Medina largely hinges on whether he intentionally pepper sprayed Medina. This question would likely be determined by credibility determinations by the finder of fact at trial.

Finally, it appears that Snowberger's inactivity is due to his own culpable conduct. A defendant is personally responsible for litigation of a case once his counsel has withdrawn from representing him, see Hoxworth v. Blinder, Robinson & Co, Inc., 980 F.2d 912, 920 (3d Cir. 1992), abrogated in non-relevant part by Morgan v. Sundance, Inc., 596 U.S. 411 (2022), as recognized in White v. Samsung Electronics America, Inc., 61 F.4th 334, 338 (3d Cir. 2023), and here Snowberger appears to have chosen to ignore this case despite repeated pleas from the Court, opposing counsel, and his former counsel for him to act. See (Doc. Nos. 44, 53–60, 70).

Given this culpable conduct, the Court finds that default judgment against Snowberger is warranted.

It is also clear that the unchallenged facts in Medina's amended complaint establish a legitimate excessive force cause of action against Snowberger because those facts establish that Snowberger intentionally discharged pepper spray into Medina's cell for no legitimate penological reason and that the pepper spray caused Medina serious injury requiring medical treatment.  See (Doc. No. 19).  Thus, because Snowberger's failure to defend this case justifies the entry of default judgment and the unchallenged facts in Medina's amended complaint establish a legitimate cause of action against Snowberger, the Court will grant the motion for default judgment.  The Court will refer the case to a United States Magistrate Judge for the purpose of conducting an evidentiary hearing on the issue of damages.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Medina's motion for default judgment against Snowberger, grant Medina's motion for an evidentiary hearing, and refer this case to a United States Magistrate Judge for purposes of conducting the evidentiary hearing on the issue of damages.  The Court requests that, after conducting the evidentiary hearing, the assigned Magistrate Judge issue a Report and Recommendation on the issue of damages.  An appropriate Order follows.

s/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania