IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIO MEDINA,** : | | |
| **Plaintiff** : | | |
| : | No. 1:20-cv-00866 | |
| v. : | | |
| : | (Judge Kane) | |
| **C.O. SNOWBERGER,** : | | |
| **Defendant** : | | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On May 29, 2020, Plaintiff Mario Medina ("Plaintiff") initiated this case through the filing of a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The case is currently proceeding on Plaintiff's amended complaint, which alleges generally that Defendant Snowberger ("Snowberger") used excessive force when he pepper-sprayed Plaintiff on June 13, 2018, that the other Defendants failed to protect Plaintiff from the excessive force and failed to promptly provide him medical attention, and that the Defendants retaliated against Plaintiff for filing grievances related to the incident. (Doc. No. 19.) On January 24, 2022, the Court granted summary judgment with respect to all Defendants and claims in the case except Plaintiff's excessive force claim against Snowberger. (Doc. Nos. 40–41.) On November 17, 2023, the Court granted Plaintiff's motion for default judgment against Snowberger based on Snowberger's failure to litigate the case in any way following his counsel's withdrawal from the case in July 2022, which included a failure to participate in several telephonic conferences and a failure to respond to numerous Court Orders. (Doc. Nos. 72–73.) The Court referred the matter to a United States Magistrate Judge for the purpose of conducting an evidentiary hearing on damages. (Doc. No. 73.) Magistrate Judge Daryl F. Bloom conducted the evidentiary hearing on January 9, 2024. Presently before the Court is Magistrate Judge Bloom's Report and

Recommendation (Doc. No. 80), recommending that the Court award Plaintiff $100 in compensatory damages and deny his request for punitive damages, and Plaintiff's objections to the Report and Recommendation and brief in support of the objections (Doc. Nos. 82–83).

In the Report and Recommendation, Magistrate Judge Bloom finds that there is no basis to award compensatory damages for emotional harm or retaliation because Medina did not testify to serious emotional harm and did not seek damages for emotional harm in his damages brief and because he did not testify that Snowberger was personally involved in the alleged acts of retaliation.  (Id. at 10.)  Based on his finding that emotional harm is not a basis for damages, Magistrate Judge Bloom concludes that the only basis for compensatory damages is Medina's physical pain and suffering, which he finds to be minimal, warranting an award of $100 in compensatory damages.  (Id.)  Magistrate Judge Bloom further recommends that the Court deny Medina's request for punitive damages because there is no evidence to support a finding that Snowberger acted with "reckless or callous disregard" for Medina's safety.  (Id. at 14.)

Medina filed objections to Magistrate Judge Bloom's Report and Recommendation along with a supporting brief on February 1, 2024.  (Doc. Nos. 82–83.)  Medina argues that $100 in compensatory damages is "wholly insufficient."  (Doc. No. 83 at 5.)  He asserts that, contrary to Magistrate Judge Bloom's findings, he should be compensated for his emotional injuries because he testified to being humiliated by racist comments that Snowberger made.  (Id. at 7.)  Medina additionally asserts that he is entitled to punitive damages because the discharge of pepper spray was not accidental but rather was "deliberate and malicious and done for improper racial and sadistic reasons."  (Id. at 9.)

This Court will adopt the report and recommendation in part.[1] The Court agrees with Magistrate Judge Bloom that compensatory damages are warranted and that punitive damages are not in light of the conflicting evidence in the record. Based on Medina's medical records and testimony regarding his injuries,[2] however, including evidence that Medina had difficulty breathing immediately after the pepper-spraying incident and that the pepper spraying caused a corneal abrasion and spots in Medina's vision that persisted at least one week after the incident, the Court finds that $1,000 in damages is necessary to compensate Medina for his injuries. Accordingly, the Court will adopt the report and recommendation in part and award Medina $1,000 in compensatory damages and no punitive damages.[3]

**AND SO**, on this 28th day of June 2024, upon consideration of the foregoing, **IT IS ORDERED THAT**:

1. The Report and Recommendation (Doc. No. 80) of United States Magistrate Judge Daryl F. Bloom is **ADOPTED IN PART**;

2. Medina's objections (Doc. No. 82) to the Report and Recommendation are **SUSTAINED IN PART AND OVERRULED IN PART**;

---

[1] When a party objects to a Report and Recommendation issued by a United States Magistrate Judge, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b); M.D. Pa. L.R. 72.3. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See id.

[2] The Court has reviewed a copy of the transcript provided by the assigned court reporter at the Court's request.

[3] The Court has additionally considered Medina's objection that there is a sufficient basis to award compensatory damages for emotional injuries because Medina testified to being humiliated by Snowberger's allegedly racist comments. (Doc. No. 83 at 7.) The Court will overrule this objection because the Court agrees with Magistrate Judge Bloom's finding that Medina did not testify to any serious emotional harm suffered as a result of Snowberger's actions. Although Medina testified during the evidentiary hearing that Snowberger used a racial slur during their conversation leading up to the pepper-spraying incident, he did not testify to suffering any emotional harm as a result of that slur. See (Transcript at 9).

3. Medina's request for punitive damages is **DENIED**;

4. The Clerk of Court is directed to enter default judgment in favor of Plaintiff Mario Medina against Defendant Snowberger for $1,000 in compensatory damages;

5. In accordance with the Court's January 24, 2022 summary judgment ruling, see (Doc. Nos. 40–41), the Clerk of Court is directed to enter a separate judgment in favor of all Defendants other than Defendant Snowberger; and

6. The Clerk of Court is directed to **CLOSE** this case.

                    s/ Yvette Kane
                    Yvette Kane, District Judge
                    United States District Court
                    Middle District of Pennsylvania